IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STACY GENE BELLIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. CV-17-01333-R |
| | ) |
| JASON BRYANT, | ) |
| | ) |
| Respondent.[1] | ) |

**ORDER**

Petitioner, a state prisoner appearing pro se, filed this action pursuant to 18 U.S.C. § 2254, seeking a writ of habeas corpus. Pursuant to 18 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. On May 22, 2020, Judge Erwin issued a Report and Recommendation wherein he recommended the petition be denied on the merits. Doc. No. 37. The matter is currently before the Court on Petitioner's objection to the Report and Recommendation, Doc. No. 42, giving rise to the Court's obligation to conduct a *de novo* review of those portions of the Report and Recommendation to which Petitioner specifically objects. The Court has conducted this *de novo* review and finds as follows.

Petitioner's conviction arose after a confrontation occurring on July 4, 2011. Trial Tr. Vol. II 36. According to Damian Fortenberry, Petitioner's then roommate, the two got

---

[1] Jason Bryant, the current Warden at the James Crabtree Correctional Center where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

into a physical altercation and Petitioner took $20.00 from him and left the home. *Id.* 106. Upon Petitioner's return, Mr. Roman Acosta ("Acosta") confronted him about taking money from Fortenberry. *Id.* 184–85. Petitioner then walked outside of the home and got inside his truck as Acosta continued confronting him by beating his fists on the hood of Petitioner's truck. *Id.* 83–84. Acosta's girlfriend, Kendra Woodward ("Ms. Woodward"), stood outside and watched the altercation escalate. *Id.* 133. Then, a bystander named Ms. Shelley Ketcherside ("Ms. Ketcherside") heard the commotion, walked outside and allegedly witnessed Petitioner "rev [ ] up his truck," "gun [ ] it," and drive toward Acosta and Ms. Woodward. *Id.* 133–36. After closing her eyes when the engine was revved, Ms. Ketcherside testified that she opened them to see Ms. Woodward pinned between the truck and a tree behind her. *Id.* 135–36. Ms. Woodward testified that Petitioner had "thr[own] his truck into reverse, and then [...] in drive and ran [her] into a tree," *id.* 185, 189, rendering her temporarily unconscious. *Id.* 190.

Next, Acosta approached the vehicle and continued fighting with Petitioner through the window. *Id.* 191. Kimberly Wood, Ms. Ketcherside's sister-in-law, yelled that Petitioner "got a knife," and then another individual, Jason Williams, joined in the fight. *Id.* 43–45, 86–87, 269. Eventually, the altercation deescalated, and the parties left the scene. Shortly thereafter, Ms. Patricia Tanksley, a bystander near the incident, noticed Acosta was hurt, *id.* 90, and before long, Acosta died of a "stab wound to his left chest."[2]

---

[2] Criminal Appeal Original Record, State's Exhibit 95, State of Oklahoma v. Bellis, Case No. CF-2011-3858 (Oklahoma Co. Dist. Ct.).

The State charged Petitioner with i) first-degree manslaughter as to the stabbing of Acosta; ii) assault and battery with a deadly weapon as to hitting and pinning Acosta against a tree with his truck; iii) assault and battery with a deadly weapon as to hitting and pinning Ms. Woodward against a tree with his truck; and iv) assault and battery with a deadly weapon for stabbing Jason Williams in the arm. Trial Tr. Vol. IV 44–45. The jury acquitted Petitioner of Counts One and Two but convicted Petitioner on Count Three for assault and battery with a deadly weapon towards Ms. Woodward. *Id.* 138. The trial court sustained a demurrer raised by defense counsel as to Count Four. *Id.* 44–45. Thus, Petitioner's habeas petition is limited to his conviction for Count Three.

In the Report and Recommendation, Judge Erwin outlined the subsequent procedural posture as follows:

> Following a direct appeal, the Oklahoma Court of Criminal Appeals (OCCA) affirmed the conviction. (ECF No. 1-1). On June 15, 2015, Petitioner filed an Application for Post-Conviction Relief in the Oklahoma County District Court. (ECF No. 29-8). The district court denied relief and on January 16, 2018, the OCCA declined jurisdiction and dismissed Petitioner's postconviction appeal as untimely. (ECF Nos. 29-13 & 29-17:2). On February 5, 2018, Petitioner filed an Application for Post-Conviction Relief in the Oklahoma County District Court, seeking an appeal-out-of-time. (ECF No. 29-18). The Oklahoma County District Court denied the request and on June 5, 2019, the OCCA affirmed the denial. (ECF Nos. 29-25 & 14-1). On August 7, 2019, Mr. Bellis filed an amended habeas Petition, alleging […] twelve grounds of error.

Doc. No. 37, p. 4.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this Court's power to grant habeas corpus relief. For claims adjudicated on the merits, "this [C]ourt may grant … habeas [relief] only if the [OCCA's] decision 'was contrary to, or

3

involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States' or 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hanson v. Sherrod*, 797 F.3d 810, 824 (10th Cir. 2015) (citation omitted). The deference embodied in § 2254(d) "reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011) (citation omitted).

When this Court reviews a state court's decision, it is precluded from issuing the writ simply because it concludes in its independent judgment that the state court applied the law erroneously or incorrectly. Rather, the Court must be convinced that the state court's application was also objectively unreasonable. *McLuckie v. Abbot*, 337 F.3d 1193, 1197 (10th Cir. 2003) (citing *Williams*, 529 U.S. at 412). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 654 (2004)).

Petitioner raises twelve grounds for relief, each of which was addressed by Judge Erwin in the Report and Recommendation. Doc. No. 37. Petitioner objects to the Report and Recommendations' conclusion in Grounds One through Ten. He does not object to the Report and Recommendations' conclusion in Grounds Eleven and Twelve. The Court addresses each in turn.

I.  **Ground One – Oklahoma Stand Your Ground Law**

Petitioner alleges that driving his vehicle into Ms. Woodward was excused by Oklahoma's Stand Your Ground Law, Okla. Stat. tit. 21 § 1289.25, and that he was therefore immune from prosecution. Doc. No. 22, p. 7–8.

In state court, the OCCA rejected his claim, explaining that Petitioner waived the issue by failing to assert it prior to his direct appeal. Doc. No. 1–1, p. 2–3. Notwithstanding the waiver, the Court explained that Petitioner's scope of immunity under § 1289.25 did not immunize him in Count Three because Ms. Woodward was a bystander against whom deadly force was not immunized. Doc. No. 1–1, p. 2–3. Therefore, he could not prevail on the merits, and his claim was rejected.

In the Report and Recommendation, Judge Erwin explains that Petitioner's argument that the OCCA's finding of waiver was "arbitrary and violates Due Process" does not justify habeas relief for two reasons. Doc. No. 37, p. 10. First, because Petitioner only challenged the OCCA's finding of waiver and second, because a state court's interpretation of state law binds a federal court sitting in habeas corpus." *Id.* (quoting *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005)).

In his objection, Petitioner argues that his claim for immunity in Count Two was confused with his claim for immunity in Count Three. Doc. No. 42, p. 9. Specifically, Petitioner argues that he is attempting to claim immunity based on his altercation with Acosta, which justified the actions he was convicted of in Count Three against Ms. Woodward. *Id.* He argues that "[a] person acting in justified self-defense could not be held

liable (criminally) for resulting harm to a bystandard," citing *Cook v. Hunt,* 178 Okla. 477 (Okla. 1936). *Id.*

However, *Cook v. Hunt* is a civil suit addressing whether an injured bystander could hold the party provoking the violence liable for her injuries. *Id.* It does not interpret § 1289.25. Further, "it is not the province of a federal habeas court to reexamine state-court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67– 68 (U.S. 1991). Here, the Court cannot second guess the state court's interpretation of § 1289.25.

Thus, the Petitioner is not entitled to habeas relief on Ground One and therefore, the Court adopts Judge Erwin's recommendation.

## II.    Ground Two – Failure to Instruct the Jury on Self-Defense

Petitioner objected to the trial court's failure to instruct the jury on self-defense as to Count Three. Doc. No. 22, p. 10–11. The OCCA denied the claim because the "instruction was not warranted by the evidence." Doc. No. 1–1, p. 3. Judge Erwin concluded that the OCCA's determination was reasonable, and petitioner countered by arguing that from the Appellant's Reply Brief (OCCA F-2012-1024), "it clearly shows were talking about Roman Acosta." Doc. No. 42, p. 13. Petitioner argues that his self-defense from the attack by Acosta justified the actions for which he was charged in Count Three.[3] *Id.*

---

[3] The Court notes the Petitioner's inadequate briefing. In his objection to the Report and Recommendation, rather than addressing the Magistrate Judge's findings, Petitioner provided the court with portions of his state court post-conviction reply, interlineated and edited with new paper. This manner of briefing misconstrues the nature of habeas

6

As Judge Erwin states in the Report and Recommendation, however, "as a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law." *Patton v. Mullin*, 425 F.3d 788, 807 (10th Cir. 2005) (internal citation omitted). Additionally,

> because Petitioner neither raised such issue on direct appeal nor in his habeas petition, the Court need not consider Petitioner's secondary theory involving Ms. Woodward, stemming from the same. *See Duncan v. Henry*, 513 U.S. 364, 366 (1995) ("If […] petitioner wishes to claim that an evidentiary ruling […] denied him the due process of law […], he must say so, not only in federal court, but in state court.").

Doc. No. 37, p. 15.

As stated in Ground One, the Court lacks authority to second guess state court determinations, which applies to state evidentiary rules, absent a showing of a "violat[ion of] the Constitution, laws or treaties of the United States." *Estelle*, 502 U.S. at 67–68. Petitioner fails to make such a showing. Again, Petitioner's alternative theory alleging justified self-defense based on his defense from Acosta resulting in harm to Ms. Woodward is inapplicable because he failed to raise the issue in his habeas petition or on direct appeal. Doc. No. 37, p. 15; *Duncan*, 513 U.S. at 366. Therefore, Petitioner is not entitled to habeas relief on Ground Two.

---

relief, especially considering the level of deference afforded by the AEDPA. It is also a confusing way of presenting an argument.

### III. Ground Three – Failure to Define "Deadly Weapon" when Instructing the Jury on Count Three

In Ground Three, Petitioner alleges the trial court's failure to define "deadly weapon" to the jury with regard to Count Three violated his due process rights. Doc. No. 36, p. 2. The OCCA concluded that the error was harmless under *Neder v. United States*, 527 U.S. 1 (1999). Judge Erwin agreed that the Court evaluates the trial court's failure to define "deadly weapon" under *Neder*, assessing "whether it appear[ed] beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Id.* at 15.

Petitioner counters that "any deviation of any constitutional rights is irreparable harm," citing *Free the Nipple v. City of Fort Collins*, 916 F.3d 792 (10th Cir. 2019). Doc. No. 42, p. 19. However, *City of Fort Collins* addressed "irreparable injury" in its evaluation of the legal standard governing preliminary injunctions, *id.*, and such standard is inapplicable in a habeas petition.

Petitioner additionally argues that *Apprendi* governs his claim under Ground Three, rather than *Neder*. Doc No. 42, p. 19. However, as Judge Erwin explained, the Supreme Court noted that the same treatment was given to both "elements [of a crime]"—governed by *Neder*—and "sentencing factors"—governed by *Apprendi*—for Sixth Amendment purposes. *Washington v. Recueno*, 548 U.S. 212, 220 (2006). Thus, the *Neder* standard applies. Further, the Supreme Court defined the *Neder* standard in *Brecht*, stating that the proper inquiry is "whether the error 'had substantial and injurious effect or influence in determining the jury's verdict.'" 507 U.S. 619, 637 (1993).

The Tenth Circuit denied a habeas petitioner's claim in *Ledford v. Jones*, 299 F. App'x 797, 801 (10th Cir. 2008), stating "[t]here is no doubt a car can be a deadly weapon" when it interpreted Oklahoma law and its definition of an automobile as a "dangerous weapon." Doc. No. 37, p. 19. Similarly, failing to define "deadly weapon" in the jury instructions did not have a substantial and injurious effect on the jury's verdict because the jury could undoubtedly find that a vehicle could be deadly. For these reasons, Petitioner has not established that the OCCA's decision was contrary to, or involved an unreasonable application of federal law, and is not entitled to relief on Ground Three.

## IV.   Ground Four – Improper Exclusion of Mr. Williams Testimony Violating Right to Complete Defense

In Ground Four, Petitioner argues that the trial court erred when it excluded testimony from Jason Williams for allegedly violating the Rule of Sequestration, thereby violating Petitioner's right to present a complete defense. Doc. No. 42, p. 24. The OCCA rejected Petitioner's theory, concluding that the trial court did not abuse its discretion in excluding the testimony because of William's violation. Doc. No. 1–1, p. 4.

In the Report and Recommendation, Judge Erwin explained that "Mr. Bellis may only obtain habeas relief for an improper state evidentiary ruling 'if the alleged error was so grossly prejudicial [that it] fatally infected the trial and denied the fundamental fairness that is the essence of due process.'" *Bullock v. Carver*, 297 F.3d 1036, 1055 (10th Cir. 2002). Petitioner argues that the exclusion justifies habeas relief because "[t]here could not have been a more central witness to establish Mr. Bellis case." Doc. No. 42, p. 27. Specifically, he argues that Mr. Williams saying "[o]h my God, Im going to Prison because

9

[…] [w]e killed Stacy…" illustrates the importance of his testimony to Petitioner's claim of self-defense. *Id.*

While the "Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense," *Nevada v. Jackson*, 569 U.S. 505, 509 (2013) (citation omitted), "[s]tate and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials." *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) (citation omitted). As stated in the Report and Recommendation, to establish a violation of his right to present a complete defense, Petitioner must make a two-part showing. Doc. No. 37, pp. 23–24. He must show the material would have been "material and favorable" and that the "trial court's exclusion of the evidence was arbitrary or disproportionate to the evidentiary purpose advanced by the exclusion." Doc. No. 37, p. 24 (citing *United States v. Valenzuela–Bernal*, 458 U.S. 858, 867, 874 (1982) and *United States v. Scheffer*, 523 U.S. 303, 308 (1998)).

Mr. Bellis cannot make the two-part showing because, as Judge Erwin explained in the Report and Recommendation, "Mr. Williams did not provide any testimony which would have bolstered a claim of self-defense as to the assault and battery on Ms. Woodward." Doc. No. 37, p. 23. Further, as Judge Erwin concluded, the exclusion of the evidence was not arbitrary or irrational because "the decision to exclude testimony based on a violation of the Rule […] would not ordinarily justify habeas relief." *Id.* p. 21. Thus, Petitioner's invocation of his right to present a complete defense does not justify habeas relief.

## V. Ground Five – Cumulative Error

Petitioner alleges cumulative error based on the errors raised in Grounds One through Four. Doc. No. 22, p. 17. "Cumulative error analysis applies when the constitutional errors committed in the state court trial so fatally infected the trial that they violated the trial's fundamental fairness." *Littlejohn v. Trammell*, 704 F.3d 817, 868 (10th Cir. 2013) (citation omitted).

Multiple errors must have been committed in order to invoke the cumulative error doctrine. *Moore v. Reynolds*, 153 F.3d 1086, 1113 (10th Cir. 1998). The OCCA denied Petitioner's claim, stating that "[t]here are no errors, considered individually or cumulatively, that merit relief in this case." Doc. No. 1–1, p. 4.

Here, as Judge Erwin states in the Report and Recommendation, there are not multiple errors to combine, and thus, Petitioner cannot show that even in the aggregate, he received a fundamentally unfair trial, much less that errors "so fatally infected the trial that they violated the trial's fundamental fairness." *Littlejohn*, 704 F.3d at 868. Therefore, Petitioner is not entitled to relief on Ground Five.

## VI. Grounds Six Through Ten – Procedural Bar

Grounds Six through Ten were not addressed by the OCCA because Petitioner failed to timely file his petition in error, after the District Court of Oklahoma County denied his application for post-conviction relief. Doc. No. 22, p. 29. In the Report and Recommendation, Judge Erwin explains that Grounds Six through Ten are procedurally barred pursuant to Petitioner's lack of timeliness. Doc. No. 37, p. 26.

Petitioner objects by stating that his late filing of his post-conviction appeal brief should have been equitably tolled, that the OCCA "completely ignored the motion for extension of time," and that he should be given retroactive application of the updated timeline governing the filing of habeas petitions, pursuant to OCCA Rule 5.2(A). Doc. No. 42, pp. 33–35.

"A habeas claim is generally subject to procedural bar when the OCCA declines to consider a claim's merits based on a state procedural rule that is independent and adequate." *Id.* (citing *Coleman v. Thomson*, 501 U.S. 722, 750 (1991)). 'To be independent, the procedural ground must be based solely on state law […] To be adequate, the procedural ground must be strictly or regularly followed and applied evenhandedly to all similar claims…" *Cole v. Trammell*, 755 F.3d 1142, 1159 (10th Cir. 2014) (citation omitted). If the rule is independent and adequate, a petitioner must show either cause and prejudice, or a fundamental miscarriage of justice, to overcome the default. *Id.* at 1159 (citation omitted).

The Tenth Circuit has recognized that the OCCA's dismissal on timeliness is "independent and adequate." *Johnson v. Champion*, 288 F.3d 1215, 1226–27 n.3 (10th Cir. 2002). Thus, the only issue is whether Petitioner can show cause and prejudice or a fundamental miscarriage of justice. As Judge Erwin explains in the Report and Recommendation, Petitioner failed to explain why the rule was the result of cause or prejudice when he "[did] not further elaborate" in his petition. Doc. No. 37, p. 28.

Further, a fundamental miscarriage of justice did not occur. In *Hackett v. Farris*, 2014 WL 4825263, at *16 (N.D. Okla. Sept. 25, 2014), the Northern District of Oklahoma noted that ineffective assistance of a prison law clerk and "unfamiliarity with the legal

12

system" were insufficient to excuse a procedural default. To show that a fundamental miscarriage of justice occurred, Petitioner must make a "'credible' showing of actual innocence." *Frost v. Pryor*, 749 F.3d 1212, 1231 (10th Cir. 2014). Petitioner introduces no new exculpatory evidence indicating that such a fundamental miscarriage of justice occurred.[4] Thus, the Court adopts the Report and Recommendation's conclusion that Grounds Six through Ten are procedurally barred.

### VII. Grounds Eleven and Twelve – No Objections

Petitioner does not object to Judge Erwin's recommendation in Grounds Eleven and Twelve. The Court thus adopts Judge Erwin's findings in Grounds Eleven and Twelve.

### VIII. Conclusion

Finally, Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a Certificate of Appealability upon entering a final adverse order. A Certificate of Appealability may be issued only if the petitioner made a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and he shows "that reasonable jurists could debate whether … the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Internal quotation marks omitted). Petitioner has failed to make either showing and accordingly, the Court declines to issue a Certificate of Appealability.

---

[4] Allegations of Ms. Kendra Woodward lying are not independently sufficient to create a credible showing of actual innocence.

For the reasons set forth herein, the Report and Recommendation is ADOPTED IN ITS ENTIRETY and the Petition is DENIED. Judgment shall be entered accordingly.

**IT IS SO ORDERED** this 7th day of October 2020.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE